IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01358–PAB–KMT

MICHAEL DOYLE,

    Petitioner,

v.

LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 3, filed June 28, 2007). Pursuant to the Order of Reference dated August 1, 2007 (Doc. No. 10), this court has reviewed the Application and supporting Memorandum ("Memo") (Doc. 4, filed June 28, 2007), Respondents' Answer ("Answer") (Doc. No. 13, filed August 30, 2007), Petitioner's Reply Brief ("Reply") (Doc. No. 15, filed September 18, 2007), the pertinent parts of the state court record, the case file, and the applicable law, and is sufficiently advised to recommend that Petitioner's Application be DISMISSED WITH PREJUDICE.

## I.     BACKGROUND

Petitioner is currently incarcerated at the Arkansas Valley Correctional Facility. (Application at 9.)  In March of 2001, a group of homeless men, including Petitioner, were congregated under an interstate highway overpass, warming themselves by a fire and drinking. (Answer, Ex. D at 1.)  The fire spread to an improvised shelter containing a sleeping man, who later died from injuries sustained in the fire.  (*Id*.)  Petitioner was arrested on March 8, 2001 (Memo at 4) and made inculpatory statements during police questioning (Answer, Ex. D at 1). Petitioner was charged with one count of arson, and one count of first degree felony murder. (*Id*.)  On December 21, 2001, Petitioner, represented by a public defender, pled guilty to an added count of second degree murder in return for dismissal of the other charges.  (Memo, Doc. 4–2 at 1.)

On February 4, 2002, prior to sentencing, Petitioner filed a *pro se* Colo. R. Crim. P. 32(d) motion to withdraw his guilty plea.  (*Id*. at 1–2.)  The trial court appointed alternative defense counsel to represent Petitioner on his motion to withdraw his plea.  (*Id*. at 2.)  Counsel filed an amended Rule 32(d) motion on August 8, 2002 asserting that Petitioner's plea was not a knowing and voluntary plea, was entered under duress, and that Petitioner did not have a full and knowing understanding of the consequences of his plea.  (*Id*. at 1–3.)  On September 20, 2002, the trial court conducted a hearing on Petitioner's Rule 32(d) motion.  (*Id*. at 13.)  The trial court denied the motion to withdraw Petitioner's plea, finding that the plea was voluntary, and that he was not coerced or threatened by his attorneys.  (*Id*.)

On September 30, 2002, Petitioner was sentenced to eighteen years in prison. (Answer at 4.) At sentencing, the trial court appointed a second alternative defense counsel to represent Petitioner on any potential Colo. R. Crim. P. 35 post-conviction motions. (*Id*. at 4–5.) Counsel did not file any post-conviction motions, and two years later, on October 8, 2004, was permitted to withdraw from the case. (*See* Memo, Doc. 4–2 at 16.) On October 15, 2004, the trial court appointed a fourth attorney to pursue post-conviction relief. (*Id*. at 17.) This attorney reviewed the court file and, after asserting that there was no good faith basis for a Rule 35(c) motion, withdrew from the case. (*Id.* at 13, 15.)

Finally on January 7, 2004,[1] Petitioner filed a *pro se* Rule 35(c) motion for post-conviction relief. (Reply, Ex. A.) The trial court denied this motion without a hearing. (Answer, Ex. D at 2.) On February 22, 2007, the Colorado Court of Appeals affirmed the trial court's order denying post-conviction relief. (*Id*.) On June 4, 2007, the Colorado Supreme Court denied certiorari review. (Answer, Ex. G.)

Petitioner filed his present Application on June 28, 2007 in this court claiming that (1) his guilty plea was involuntary and unlawfully induced, (2) that he was denied a mental competency hearing, and (3) he was denied appellate counsel and his right to direct appeal.

---

[1] Respondents' Answer claims that this post-conviction motion was filed on January 22, 2005. (Answer at 5.) Petitioner disputes this date, asserting in his Reply that the post-conviction motion was filed on January 7, 2004, and attaching a copy of the motion. (Reply, Ex. A.) Because either date suffices for purposes of this court's holding, the court assumes, without determining, that the post-conviction motion was filed on January 7, 2004.

3

## II.     LEGAL STANDARDS

### A.      Pro Se *Petitioner*

Petitioner is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a Petitioner can prove facts that have not been alleged, or that a defendant has violated laws in ways that a Petitioner has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a Petitioner's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the Petitioner in the absence of any discussion of those issues"). The Petitioner's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.      *Title 28 U.S.C. § 2254*

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly

established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to Federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application of Federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court findings of fact pursuant to this Court's habeas review. *Sumner v. Mata*, 455 U.S. 591, 592–93 (1982). As such, Petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

### III.   *ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF*

Respondents challenge the timeliness of Petitioner's Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (Answer 7–9.) They contend that

Petitioner was sentenced on September 30, 2002, and that pursuant to Colorado Appellate Rule ("C.A.R.") 4(b) he had forty-five days, or until November 14, 2002, to file a notice of appeal from his conviction and sentence. (*Id*. at 8.) Respondents assert that because Petitioner did not file a notice of appeal, his sentence became final on November 14, 2002, and the one-year statute of limitations began to run thereafter. (*Id*.) Respondents further contend that Petitioner's *pro se* post-conviction motion did not toll the statute of limitations as it was filed after the one-year statute of limitations had expired. (*Id.* at 8–9.) And lastly, Respondents contend that, although the trial court did appoint counsel for evaluating Petitioner's potential for post-conviction relief within the one-year limitations period, it had no tolling effect on the period of limitations because a post-conviction motion must be "pending" for tolling to occur. (*Id.*)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides a one-year period of limitations for state prisoners to seek habeas relief. 28 U.S.C. § 2244(d)(1). That limitations period runs from the later of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Section 2244(d)(2) additionally provides that the statute of limitations is tolled "while a properly filed application for State post-conviction or other collateral review . . . is pending." However, "only state petitions for post-conviction relief filed within the one year allowed by [the AEDPA] will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Lastly, "as a matter of federal law, a habeas action is not 'pending' when a petitioner asks a trial court to appoint counsel to help prepare his petition; it becomes 'pending' only after an actual request for relief from the judgment of conviction." *Gilbert v. Reid,* 217 Fed. App'x 762, 765 (10th Cir. 2007) (citing *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)). "'The nearly identical question . . . in the context of interpreting' Colorado post-conviction law results in the same answer"—only a properly filed state post-conviction motion will be considered "pending" for purposes of tolling the AEDPA statute of limitations. *Id*. (quoting *Voravongsa v. Wall,* 349 F.3d 1, 4 (1st Cir. 2003)). Merely appointing counsel on behalf of a prisoner for purposes of pursuing potential state post-conviction relief does not constitute a pending post-conviction motion that will toll the statute of limitations. *Id*.

The court first must determine when the one-year limitation period began to run. Petitioner does not assert that any state action impeded him from filing the present Application, that his Application is the result of a newly recognized constitutional right, or that his claims are the result of a newly discovered factual basis. Therefore, the relevant date for calculating the period of limitations is the date when Petitioner's conviction became final. Pursuant to C.A.R. 4(b), Petitioner had forty-five days to file a notice of appeal after he was sentenced on September 30, 2002. Petitioner did not file a notice of appeal of his conviction. Consequently, the court

7

finds that Petitioner's conviction became final on November 14, 2002. The one-year statute of limitations began to run thereafter on November 15, 2002 and expired on November 15, 2003. Therefore, Petitioner's present Application, filed June 6, 2007, was filed well over three years after the one-year statute of limitations provided by 28 U.S.C. § 2244(d) had expired.

Petitioner's January 7, 2004 post-conviction motion had no tolling effect on the statute of limitations as it was filed more than two months after the one-year statute of limitations had expired. And, although the court did appoint post-conviction counsel during the statute of limitations period to review potential post-conviction relief for Petitioner, counsel did not actually file a motion for post-conviction or other collateral relief, and therefore did not toll the statute of limitations. Accordingly, this court finds that Petitioner's Application, filed more than three years after the AEDPA one-year statute of limitations had expired, is untimely.

### III.     EQUITABLE TOLLING OF THE ONE-YEAR LIMITATION PERIOD

The court next addresses whether Petitioner offers any valid reason that would justify an equitable tolling of the AEDPA statute of limitations. The one-year statute of limitations in 28 U.S.C. § 2244(d) "is not jurisdictional and may be tolled for equitable reasons." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). More specifically, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *Id.* Simple excusable neglect, however, is not sufficient to

support equitable tolling.  *Id.*  Furthermore, equitable tolling is appropriate only if the inmate

pursues his claims diligently.  *Miller*, 141 F.3d at 978.  Finally, Petitioner bears the burden of

demonstrating that equitable tolling is appropriate in this action.  *Id.* at 977.

Petitioner does attempt to rebut Respondents' position that his Application untimely

under 28 U.S.C.§ 2244(d) in his Reply, though his contentions are largely incomprehensible.

Petitioner clearly does not assert that the statute of limitations should be equitably tolled because

he is actually innocent, nor does he argue that tolling is appropriate because he filed a defective

Application within the one-year statute of limitations period.  To the extent that Petitioner's

Reply asserts that his court-appointed counsel's failure to "file a requested appeal" (Reply at 17)

justifies equitably tolling the limitations period, this position is unavailing.  First, Petitioner has

failed to demonstrate how counsel's failure to file a requested appeal in state court prevented

Petitioner from timely filing a federal habeas corpus application.  Moreover, even if the failure to

file a requested appeal could amount to an extraordinary situation meriting equitable tolling of

the statute of limitations, Petitioner has failed to diligently pursue this claim.  The failure of

Petitioner's court-appointed attorney to file a direct appeal requested by Petitioner must have

occurred between September 30, 2002 and November 14, 2002—the time during which

Petitioner could have directly appealed his conviction.  However, Petitioner did not assert a

claim that his counsel failed to comply with his request to file an appeal in his state post-

conviction motion or any other state court proceeding.  Rather, this claim arises for the first time

in his Reply[2]—nearly five years after Petitioner's opportunity to appeal expired. Thus, because Petitioner did not diligently pursue his claim, and has otherwise failed to show why his court-appointed counsel's failure to file an appeal prevented him from timely filing a federal habeas application, this court finds that Petitioner has failed to establish the rare and exceptional circumstances that would justify an equitable tolling of the AEDPA one-year statute of limitations. Accordingly, the court finds that Petitioner's Application is time-barred pursuant to 28 U.S.C. § 2244(d) and therefore must be dismissed.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

---

[2] Petitioner's claim in his Reply that his court-appointed counsel's failed to file a requested appeal is, of course, at odds with the third claim in his Application, which asserts that the trial court denied him appellate counsel altogether. To the extent that these claims can be construed as the same claim, Petitioner nonetheless failed to pursue this claim until the present Application— well over three years after the statute of limitations had expired, and over four years after the claim presumably arose.

10

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge