IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   07-cv-1358-WYD-KMT

MICHAEL DOYLE,

    Petitioner,

v.

LOU ARCHULETA; and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER**

This matter is before the Court on Petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, which was filed on June 28, 2007.  The matter was referred to Magistrate Judge Kathleen M. Tafoya pursuant to an Order of Reference dated August 1, 2007.  Magistrate Judge Tafoya issued a Recommendation on June 12, 2009, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  This case was reassigned to me on December 8, 2009.

In the Recommendation, Magistrate Judge Tafoya found that Petitioner's Application is time-barred pursuant to 28 U.S.C. § 2244(d), and recommended that the Application be denied and the action dismissed with prejudice.  *See* Recommendation at 10.  On June 22, 2009, Petitioner filed a timely Objection to the Recommendation,

which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). I note that a party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. *See Claytor v. Computer Associates Intern., Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003). "The court reiterates that this is not a de novo review permitting a 'second shot' based on new arguments." *Id.* (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000)).

The facts in this case are set out in the Recommendation, which I incorporate herein. Petitioner is currently incarcerated in the Colorado Department of Corrections. In March of 2001, Petitioner was arrested and charged with one count of arson and one count of felony murder under Colorado law. On December 21, 2001, Petitioner, who was represented by a public defender, pled guilty to an added count of second degree murder. Prior to sentencing, Petitioner filed a *pro se* Colo. R. Crim. P. 32(d) motion to withdraw his guilty plea. With the assistance of appointed alternative defense counsel, Petitioner filed an amended Rule 32(d) motion on August 8, 2002, which was subsequently denied by the trial court. On September 30, 2002, Petitioner was sentenced to eighteen years in prison, and he is currently incarcerated at the Arkansas Valley Correctional Facility. At sentencing, the trial court appointed a second alternative defense counsel to represent Petitioner on any potential Colo. R. Civ. P. 35 post-conviction motions. Neither this attorney, or a fourth court-appointed attorney filed any

post-conviction motions. Petitioner did not file a notice of appeal from his conviction and sentence. On January 7, 2004, Petitioner filed a *pro se* Rule 35(c) motion, which was subsequently denied. On February 22, 2007, the Colorado Court of Appeals affirmed the trial court's order denying Petitioner's Rule 35(c) motion, and on June 4, 2007, the Colorado Supreme Court denied certiorari review. Petitioner filed this Application on June 28, 2007 claiming (1) that his guilty plea was involuntary and unlawfully induced, (2) that he was denied a mental competency hearing, and (3) that he was denied appellate counsel and his right to direct appeal. *See* Recommendation at 2-3.

In the Recommendation, Magistrate Judge Tafoya found that the Application is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), which provides a one-year period of limitations for state prisoners to seek habeas relief. Pursuant to 28 U.S.C. § 2244(d)(1), the one-year period runs from the later of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

>claims presented could have been discovered through the exercise of due diligence.

In addition, section 2244(d)(2) provides that the statute of limitations is tolled "while a properly filed application for State post-conviction or other collateral review . . . is pending." However, the appointment of counsel on behalf of a Defendant for the purpose of pursing potential state post-conviction relief does not toll the statute of limitations. *See Gilbert v. Reid*, 217 Fed. Appx. 762, 765 (10th Cir. 2007) (a motion for the appointment of counsel (or the appointment itself) does not constitute a properly filed application for state post-conviction relief). Magistrate Judge Tafoya determined that Petitioner's judgment of conviction became final on November 14, 2002, which was the last day Petitioner could have filed a notice of appeal pursuant to Colorado Appellate Rule 4(b). Thus, the one-year statute of limitations expired on November 15, 2003. *See* Recommendation at 5-8. Magistrate Judge Tafoya also concluded that neither the appointment of post-conviction counsel during the limitations period nor Petitioner's January 7, 2004 filing of a motion for post-conviction relief tolled the statute of limitations. *See* Recommendation at 8. Finally, Magistrate Judge Tafoya found that Petitioner was not entitled to equitable tolling pursuant to 28 U.S.C. § 2244(d) or the circumstances set forth in *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). *See* Recommendation at 9.

In his Objection, Petitioner makes several arguments concerning the merits of his Application, but does not articulate any specific objection to the Magistrate Judge's findings with respect to his failure to file his Application within the applicable statute-of-

limitations.  Petitioner does note in his Objection that the basis for his request to withdraw his guilty plea was his contention that he is "not guilty" of second degree murder.  I note that the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  See Gibson, 232 F.3d at 808 (10th Cir. 2000).   While it is not clear from the Objection that Petitioner is seeking equitable tolling based on a claim of "actual innocence," in an abundance of caution, I nevertheless find that the statements in Petitioner's Objection are not sufficient to justify equitable tolling of the one-year limitation period in this case.

A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare and must be supported by new reliable evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995).  In order to demonstrate actual innocence, Petitioner first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  Id.  Here, Petitioner fails to present any new evidence, and the statements in his Objection do not demonstrate that equitable tolling is appropriate in this action.

Therefore, I agree with Magistrate Judge Tafoya that the Application is time-barred and not eligible for consideration on the merits.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of June 12, 2009 [#40] is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that the Application is **DENIED**, the case is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Petitioner's Motion to Show Cause and Injunction [sic] Relief, filed August 12, 2009 [#44]; Petitioner's Motions to Compel, filed September 2, 2009 [#56] and October 27, 2009 [#60]; and Petitioner's Motion for Injunction or TRO, filed November 27, 2009 [#62] are **DENIED AS MOOT**.  It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated:  January 6, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge