FILED
United States Court of Appeals
Tenth Circuit

June 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

MICHAEL DOYLE,

        Movant.

No. 11-1222
(D.C. No. 1:07-cv-01358-WYD-KMT)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

    Michael Doyle, a Colorado state prisoner proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition. Because he fails to meet the 28 U.S.C. § 2244(b)(2) authorization requirements, we deny authorization.

    In 2001, Mr. Doyle was charged in Colorado state court with arson and first degree murder. Pursuant to a plea agreement, he pleaded guilty to an added count of second degree murder in exchange for dismissal of the arson and first degree murder counts. In 2007, he filed his first application for § 2254 habeas relief in federal district court, asserting that his guilty plea was involuntary and unlawfully induced, that he was denied a mental competency hearing, that he was denied appellate counsel and his right to a direct appeal, and that he is actually and factually innocent. The district court dismissed the application as time barred. This court denied a certificate of appealability.

In 2010, Mr. Doyle filed another federal-court application for § 2254 relief, asserting that his conviction is void because the trial court lacked jurisdiction, that he is actually and factually innocent, and that he involuntarily entered into a plea bargain. The district court dismissed the application for lack of jurisdiction, finding that it was second or successive and that Mr. Doyle had not obtained authorization from this court to file it. The district court chose to dismiss rather than to transfer the application to this court because Mr. Doyle did not assert either a new rule of constitutional law or newly discovered evidence as is required by § 2244(b)(2) and the application would be time barred. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam) (discussing what district courts should consider when deciding whether to transfer or dismiss second or successive § 2254 applications).

Mr. Doyle now seeks this court's authorization to assert two claims in a second or successive § 2254 application: (1) the one-year statute of limitations is inapplicable, because the trial court lost jurisdiction when the court and the prosecutor amended the charges against him; and (2) ineffective assistance of counsel may establish cause excusing his procedural default for failing to file a direct criminal appeal within the forty-five days required by Colorado law.

To obtain authorization to bring a second or successive § 2254 application, Mr. Doyle must make a prima facie showing that (1) a claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable" or (2) "the factual predicate for

the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of" second degree murder.  28 U.S.C. § 2244(b)(2)(A) and (B).  Mr. Doyle concedes that his claims neither rely on newly discovered evidence nor new, retroactively-applicable law.  Based on this admission, as well as our independent review, we conclude that Mr. Doyle cannot meet the § 2244(b)(2) requirements.

To the extent that Mr. Doyle seeks to assert a claim of actual innocence, we conclude that he cannot meet the requirements of § 2244(b)(2)(B).  He sets forth no facts establishing actual innocence.  Nor does he establish by clear and convincing evidence that a reasonable factfinder would not have found him guilty.

Accordingly, we DENY authorization.  This denial is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

        Entered for the Court,

        *Elisabeth A. Shumaker*

        ELISABETH A. SHUMAKER, Clerk