FILED
United States Court of Appeals
Tenth Circuit

January 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

MICHAEL DOYLE,

    Movant.

No. 11-1584
(D.C. No. 1:07-cv-01358-WYD-KMT)
(D. Colo.)

---

**ORDER**

---

Before **TYMKOVICH**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Michael Doyle moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application challenging his 2001 Colorado conviction for second degree murder. Mr. Doyle's conviction and his various attempts to challenge it are described in an order denying a previous motion for authorization. *In re Doyle*, No. 11-1222, slip op. at 1-2 (10th Cir. June 2, 2011) (unpublished order).

As we previously explained, to obtain authorization Mr. Doyle must make a prima facie showing that (1) his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable factfinder would have found [him] guilty of" second degree murder.  28 U.S.C. § 2244(b)(2)(A), (B).  "A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed."  *Id.* § 2244(b)(1).

Mr. Doyle contends that his conviction is unlawful because he was denied a direct appeal, his counsel had a conflict of interest, he was incompetent to plead guilty, the judge participated in the plea bargain, and the court lacked subject matter jurisdiction to convict him.  He admits that he raised these claims in a prior federal petition or application, and that they do not rely either on newly discovered evidence or on a new, retroactively-applicable United States Supreme Court case.  Based on these admissions and our independent review, we conclude that Mr. Doyle cannot satisfy § 2244(b).

The motion for authorization is DENIED.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

      Entered for the Court,

      *Elisabeth A. Shumaker*

      ELISABETH A. SHUMAKER, Clerk