FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

MICHAEL DOYLE,

        Movant.

No. 12-1357
(D.C. No. 1:07-CV-01358-WYD-KMT)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **LUCERO** and **MURPHY**, Circuit Judges.

---

      Michael Doyle, a state prisoner appearing pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application seeking to challenge his 2001 Colorado conviction for second degree murder. Mr. Doyle pleaded guilty to that charge in exchange for the dismissal of arson and first degree murder counts. He filed his first § 2254 application in 2007, which was dismissed as time barred. Before a state prisoner may file a second or successive § 2254 application, the prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

      We have previously described Mr. Doyle's history of seeking post-conviction relief and set forth 28 U.S.C. § 2244(b)'s authorization criteria that he must satisfy in order to file a second or successive § 2254 application. *See In re Doyle*, No. 11-1222, slip op. at 1-3 (10th Cir. June 2, 2011) (unpublished order denying authorization). Since the date of that order, Mr. Doyle again sought, and was denied,

authorization, *In re Doyle*, No. 11-1584, slip op. at 2 (10th Cir. Jan. 6, 2012), and he filed an unauthorized § 2254 application in the district court that was dismissed for lack of jurisdiction, *Doyle v. Colorado*, No. 12-1113, slip op. at 3 (10th Cir. June 7, 2012) (denying a certificate of appealability).

In Mr. Doyle's most recent motion for authorization, he seeks to present two claims: that the state court lacked jurisdiction, which cannot be waived by a plea agreement, and that his state post-conviction counsel was ineffective by failing to raise an ineffective assistance of counsel claim. Mot. at 9-10. Mr. Doyle raised these arguments in prior motions for authorization, as he concedes. This court may not authorize a claim that has been raised in a prior habeas application, *see* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Further, these claims are not based on any new evidence, as he concedes, nor are they based on any "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A).

Accordingly, we DENY authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

We WARN Mr. Doyle that any further future motion for authorization to file a second or successive § 2254 application or other effort by him to begin a collateral attack on his conviction without satisfying the authorization standards of 28 U.S.C. § 2244(b) may be subject to sanctions, including monetary sanctions.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk