FILED
United States Court of Appeals
Tenth Circuit

March 14, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

―――――――――――――――――――

In re:

MICHAEL DOYLE,

        Movant.

No. 13-1088
(D.C. No. 1:07-CV-01358-WYD-KMT)
(D. Colo.)

―――――――――――――――――――

**ORDER**

―――――――――――――――――――

Before **BRISCOE**, Chief Judge, **LUCERO** and **HARTZ**, Circuit Judges.

―――――――――――――――――――

    Michael Doyle, a Colorado state prisoner appearing pro se, has filed his fourth motion seeking authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus application. We deny the motion.

    In 2001, Mr. Doyle pleaded guilty to second degree murder and was sentenced in 2002 to eighteen years' imprisonment. He did not file a direct criminal appeal. In 2007, he filed his first § 2254 petition, which was dismissed as time-barred. We have on three occasions denied him authorization to file a second or successive § 2254 application. *See In re Doyle*, No. 12-1357, slip op. at 2 (10th Cir. Sept. 27, 2012); *In re Doyle*, No. 11-1584, slip. op. at 2 (10th Cir. Jan. 6, 2012); *In re Doyle*, No. 11-1222, slip op. at 1, 3 (10th Cir. June 2, 2011). In our order of September 27, 2012, we

> WARN[ED] Mr. Doyle that any further future motion for authorization
> to file a second or successive § 2254 application or other effort . . . to
> begin a collateral attack on his conviction without satisfying the

> authorization standards of 28 U.S.C. § 2244(b) may be subject to sanctions, including monetary sanctions.

*In re Doyle*, No. 12-1357, slip. op. at 3.

In his current motion for authorization, Mr. Doyle seeks to present, as best we can discern, two claims: (1) he was denied a direct criminal appeal due to ineffective assistance of counsel, and counsel's ineffectiveness may establish cause excusing Mr. Doyle's procedural default for failing to timely file a direct appeal; and (2) he is actually innocent of second degree murder. Despite Mr. Doyle's statements to the contrary, it appears that his current motion seeks to assert claims that he already has tried to assert in prior § 2254 applications. *See, e.g.*, Memo. at 10 (conceding "[ineffective-assistance] claim has been presented several times to the states court's [sic] and also in federal court [in his first application for § 2254 relief, in case number] 07-CV-1358"); *In re Doyle*, No. 11-1222, slip op. at 1, 3 (discussing 2007 application for § 2254 relief, in which Mr. Doyle alleged he was denied "his right to a direct appeal" and "he is actually and factually innocent"). He is not entitled to authorization for those claims. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed."). To the extent Mr. Doyle's claims have not been previously presented, they are not based on any new law or facts, and thus, do not satisfy the § 2244(b)(2) requirements to file a second or successive § 2254 application, requirements we have repeatedly stated in denying earlier motions for authorization.

We deny the current motion for authorization. This denial "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Any further applications filed by Mr. Doyle for leave to file additional collateral attacks on his Colorado conviction for second degree murder will be deemed denied on the thirtieth day unless this court otherwise orders. *See Berryhill v. Evans*, 466 F.3d 934, 936 (10th Cir. 2006) (noting imposition of same sanction after prisoner's fourth request for leave to file a second or successive habeas petition).

                                            Entered for the Court

                                            ELISABETH A. SHUMAKER, Clerk